**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| JOE JOHNSON, | * |
|     Plaintiff, | * |
| v. | *   Case No.: PWG-17-1898 |
| CENTRAL CREDIT SERVICES LLC, | * |
|     Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Plaintiff Joe Johnson filed a pre-motion conference request, stating that he would like to file a motion to remand this case, which Defendant Central Credit Services LLC ("CCS") removed from the Circuit Court for Prince George's County, Maryland. ECF No. 18. In a conference call held August 1, 2017, I stated that the Court would consider Plaintiff's pre-motion conference request as a motion to remand, and I directed the parties to brief the motion. ECF No. 19. CCS has filed a letter stating that it does not oppose the motion. ECF No. 21. Therefore, I will remand Plaintiff's Complaint to the Circuit Court for Prince George's County, Maryland.

Additionally, Plaintiff has filed a reply in support of his motion to remand, requesting "costs or alternatively, sanctions," as the Plaintiff alleges that Defendant's removal of this case to federal court "contravenes Rule 11." ECF No. 22. In Plaintiff's letter motion, however, Plaintiff did not request costs and/or sanctions from Defendant for the removal of this case, and during the pre-motion conference call, Plaintiff did not request costs and/or sanctions against Defendant. Generally, arguments that originate in reply briefs are not considered. *Clawson v. FedEx*

*Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006) ("The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered.").

In any event, Rule 11 sanctions are not appropriate in this case. Rule 11 sanctions are only appropriate if a litigant files documents "for an[] improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" or in which "the claims, defenses, and other legal contentions" are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(1)–(2). Here, through a Notice of Removal dated July 6, 2017 and filed July 10, 2017, Defendant removed the present case to federal court pursuant to 28 U.S.C. §§ 1331, 1441, based on Plaintiff's original complaint, which included a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681 *et seq.* ECF Nos. 1, 2. Plaintiff had served an amended complaint on Defendant on July 3, 2017, only two business days earlier. *See* State Ct. Docket, ECF No. 18-1. Although the amended complaint eliminated the FCRA claim, the first page simply described the amendments as "Increasing Ad Damnum and Demanding Jury Trial." Am. Compl., ECF No. 18-2. Thus, although federal question jurisdiction did not exist at the time of removal, the nature and close timing of the filings do not suggest an improper purpose in the removal as stated in Defendant's Response, ECF No. 23. And, when Plaintiff filed a motion to remand, Defendant did not oppose Plaintiff's motion. Defendant's lack of opposition to Plaintiff's motion avoided unnecessary delay and unnecessary increase in the cost of litigation. Additionally, Defendant's actions were not harassing, frivolous, or unwarranted by existing law.

Accordingly, it is, this 16th day of August, 2017, hereby ORDERED that

1. Plaintiff Johnson's Complaint IS REMANDED to the Circuit Court for Prince George's County, Maryland;

2. Plaintiff Johnson's Request for Sanction IS DENIED; and

3. The Clerk SHALL CLOSE this case.

/S/
Paul W. Grimm
United States District Judge

dwc